**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

Melissa Sharon Chames, individually and
on behalf of all others similarly situated;

                          Plaintiff,

**CIVIL ACTION NO.**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

      -v.-

SAGE LAW OFFICES
and JOHN DOES 1-25.

                    Defendant(s).

      Plaintiff Melissa Sharon Chames (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC against Defendant Sage Law Offices ("Defendant Sage")  individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**<u>INTRODUCTION</u>**

      1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as this is where Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Collin, with her principle residence located at 7019 Judi St., Dallas, TX 75252.

8.    Defendant Sage Law Office is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at Sunrise Corporate Plaza 1, 1300 Sawgrass Corporate Parkway, Suite 140, Sunrise, Florida 33323.

9.    Upon information and belief, Defendant Sage is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.    The Class consists of:

a.    all individuals with addresses in the State of Texas;

b.    to whom Defendant Sage sent an initial collection letter attempting to collect a consumer debt;

c.    that deceptively implied that Defendant could bring legal action to collect a debt in the State of Texas;

d.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

3

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class members, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

        a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

        b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to March 11, 2020, an obligation was allegedly incurred to Memorial Regional Hospital by the Plaintiff.

22.     The Memorial Regional Hospital obligation arose out of transactions primarily for personal and family reasons, specifically medical services.

23.     The alleged Memorial Regional Hospital obligations is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Defendant Sage, a debt collector was contracted by the Memorial Regional Hospital to collect the alleged debts.

25.     Defendant collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – March 11, 2020 Collection Letter*

26.     On or about March 11, 2020, Defendant Sage sent Plaintiff an initial contact notice (the "Letter"). **See Exhibit A.**

27.     The Letter states: Please be advised that our client has retained us in the above referenced matter and as of this date the above balance is due and outstanding.

28.     The entirety of the Letter implies that collection of this debt will be through litigation by the Defendant as a law firm and not merely as debt collection.

29.     This is implied by the heading of the Letter, "Sage Law Offices," and that the letter is signed by Edward M. Harvey, Esq. indicating that an attorney, rather than a debt collector is pursuing this collection, both implying that this is not a mere debt collection but rather the process of legal action.

30.     The Letter implies an attorney at law firm is involved and that this is part of an official, legal process.

31.     Upon information and belief, and according to the Texas bar database, Defendant is not a licensed law firm in the state of Texas.

32.     The letter is deceptive and misleading to the least sophisticated consumer who would understand that at some point, the Defendant law firm will be involved in a legal action to collect the debt, which is false because Defendant is not licensed to practice law in the State of Texas.

33.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
### *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.    Defendant violated §1692e :

    a.    By making a false and misleading representation in violation of §1692e(10).

    b.    As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

45.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Melissa Sharon Chames, individually and on behalf of all others similarly situated, demands judgment from Defendant Sage Law Offices, as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 7, 2020                              Respectfully Submitted,

                                                Stein Saks, PLLC
                                                /s/ Yaakov Saks
                                                Yaakov Saks, Esq.
                                                285 Passaic Street
                                                Hackensack, NJ, 07601
                                                Ph:  201-282-6500 ext. 101
                                                Fax: 201-282-6501
                                                ysaks@steinsakslegal.com
                                                Counsel for Plaintiff